Requestor: Thomas R. Emnett, Tioga County Attorney County Office Building 56 Main Street Owego, New York 13827
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a Tioga County legislator may also serve as the executive director of the Tioga County Industrial Development Agency.
The Tioga County Industrial Development Agency is a corporate governmental agency, constituting a public benefit corporation (General Municipal Law, §§ 856[2], 912). Its members are appointed by the governing body of the County of Tioga and its operations and activities are in all respects governed by the provisions of title one of article eighteen-A of the General Municipal Law (ibid.).
Thus, industrial development agencies are independent corporations, separate from the State and its municipalities (see 1985 Op Atty Gen [Inf] 68). Any one or more of the members of an agency may be an official or employee of the municipality (id., § 856[4]). An officer or an employee of a municipality who is appointed as a member of the agency is not deemed to forfeit his municipal office or employment by virtue of the appointment (ibid.). Nor is such dual office holding incompatible (ibid.). The board of an industrial development agency is authorized to appoint officers, employees and agents of the agency and prescribe their qualifications and compensation (id., § 858[7]). The board may appoint an attorney who also may serve as counsel to the municipality and fix compensation in addition to his compensation as a municipal attorney (id., § 858[8]).
Thus, an industrial development agency is a public corporation legally separate from a municipal government. There are no restrictions in State law on municipal officers or employees also serving as officers or employees of an industrial development agency. In particular instances, such dual office holding is specifically authorized. You have informed us that Tioga County provides no funding in its budget for the agency, nor does the Tioga County legislature, aside from the appointment of agency board members, take any action with respect to the projects and activities of the agency.
In our view, there is no incompatibility between the positions of member of the Tioga County legislature and executive director of the Tioga County Industrial Development Agency. The two entities are legally independent of one another and the facts indicate no disqualifying conflict between the duties of the two positions. The county legislator must, however, recuse himself from participating in the appointment of industrial development agency board members. This is necessary in that the board appoints and supervises the executive director of the agency.
We conclude that the positions of Tioga County legislator and executive director of the Tioga County Industrial Development Agency are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.